**SIGNED THIS: June 16, 2017**

_____
**Mary P. Gorman
United States Chief Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| In re ) | |
| ) | Case No. 17-70325 |
| VENITA R. TANNER ) | |
| ) | Chapter 7 |
| Debtor. ) | |

# O P I N I O N

Before the Court is the Chapter 7 Trustee's Motion to Allow Debtor's POA to Borrow and Turnover Cash Value of Life Insurance. Because there is no authority to grant the requested relief, the Motion will be denied.

### I. Factual and Procedural Background

Venita R. Tanner ("Debtor") filed a voluntary petition under Chapter 7 of the

Bankruptcy Code on March 9, 2017. Her petition, schedules, and other required documents were signed by her adult son, Patrick Gilley, who holds her power of attorney ("POA"). A copy of a durable POA signed by the Debtor on May 12, 2016, was also filed.

Although the original schedules filed with the petition did not list the Debtor's ownership of any life insurance, an amended schedule filed on April 14, 2017, disclosed ownership of three life insurance policies. The amended schedule listed ownership of a TransAmerica policy with a surrender value of $1813.50, a Met Life policy with a surrender value of $3077.35, and another Met Life policy with a surrender value of $1868.70. Patrick Gilley was identified as the beneficiary of all three policies. The TransAmerica policy was claimed as exempt on an amended schedule through the use of the Debtor's Illinois wildcard exemption. No exemption was claimed in either of the Met Life policies.

Mariann Pogge serves as the Chapter 7 Trustee ("Trustee") in this case. After conducting the creditors' meeting and receiving the Debtor's amended schedules, the Trustee filed her Motion to Allow Debtor's POA to Borrow and Turnover Cash Value of Life Insurance ("Motion to Borrow"). In her Motion to Borrow, the Trustee recites that the two Met Life policies have cash surrender value and says that Patrick Gilley, as the Debtor's POA, wants to borrow from the policies and turnover the cash value to the Trustee. By doing so, Mr. Gilley expects to be able to keep the policies in full force and effect. The Trustee asks that Mr. Gilley be authorized to borrow the cash value of the Met Life policies.

At a hearing on the Motion to Borrow on May 23, 2017, the Trustee acknowledged that her Motion to Borrow was not based on the general provisions

of the Code authorizing trustees to obtain credit. *See* 11 U.S.C. §364. Rather, the Trustee said that she was concerned that allowing the Debtor or the Debtor's POA to take possession and control of an estate asset would be in violation of her duties as a trustee and might cause Mr. Gilley to violate the automatic stay. *See* 11 U.S.C. §§362(a)(3), 704(a)(1), (2). She admitted that, in the past, she has routinely allowed debtors to borrow from life insurance policies without any concern about whether a debtor's action in borrowing against an estate asset was problematic. Recent issues in an unrelated case have, however, caused her to rethink how she handles the disposition of life insurance policies and other such assets. Although the Trustee cited no authority for her requested relief, she asked that an order be entered authorizing the borrowing. The Trustee also suggested that she might file a motion to compromise with respect to the life insurance policies but did not specify any details of the compromise. The attorney for the Debtor also appeared at the hearing. He agreed that Mr. Gilley wanted to proceed as outlined by the Trustee. Although he supported the Trustee in her request for an order, he also cited no authority for the requested relief.

Having heard the arguments of counsel and reviewed the relevant documents, the matter is ready for decision.

## II. Jurisdiction

This Court has jurisdiction over the issues before it pursuant to 28 U.S.C. §1334. All bankruptcy cases and proceedings filed in the Central District of Illinois have been referred to the bankruptcy judges. CDIL-Bankr. LR 4.1; *see* 28 U.S.C. §157(a). Matters involving the administration of the estate, obtaining credit, use

of estate property, and the liquidation of the assets of the estate are core proceedings. 28 U.S.C. §157(b)(2)(A), (D), (M), (O). The matters here arise directly from the Debtor's bankruptcy itself and from the Bankruptcy Code and may therefore be constitutionally decided by a bankruptcy judge. *See Stern v. Marshall*, 564 U.S. 462, 499 (2011).

### III. Legal Analysis

The filing of a voluntary Chapter 7 petition creates an estate that includes all property, including all legal and equitable interests in property, of a debtor. 11 U.S.C. §541(a)(1). The concept of property of the estate is broad and includes all forms of property. *In the Matter of Yonikus*, 974 F.2d 901, 904-05 (7th Cir. 1992). The commencement of a bankruptcy case also operates as an automatic stay, applicable to all entities, of actions to take possession of or exercise control over property of the estate. 11 U.S.C. §362(a)(3). Although the automatic stay provides certain protections to debtors, debtors are also bound by its constraints and must seek relief from the stay before exercising control over estate property. *See In re Londrigan*, 2014 WL 4384368, at *5 (Bankr. C.D. Ill. Sept. 3, 2014).

Chapter 7 trustees are tasked with collecting and reducing to money the property of an estate and are accountable for all property received. 11 U.S.C. §704(a)(1), (2). Under certain circumstances, but only after notice and hearing, a Chapter 7 trustee may be authorized to obtain unsecured or secured credit. 11 U.S.C. §364(b), (c). A motion for authority to obtain credit must have a copy of the proposed credit agreement attached and must disclose with particularity the material provisions of the proposed loan transaction. Fed. R. Bankr. P. 4001(c).

Although a Chapter 11 debtor in possession may exercise many of the powers and duties of a trustee, no similar authority exists for a Chapter 7 debtor to take on the duties or exercise the rights of a trustee. *See* 11 U.S.C. §1107.

The Motion to Borrow does not contain any details of the proposed transaction and no copy of any credit agreement was attached. The borrower identified in the Motion to Borrow is the Debtor's POA, not the Trustee. The Trustee conceded at the hearing that her Motion to Borrow does not comply with the requirements of the Code and Rules and suggested that the proposed transaction did not involve obtaining credit or a traditional loan. Notwithstanding the multiple admissions by the Trustee that compel denial of her Motion to Borrow, the Trustee still requested that an order be entered authorizing the Debtor's POA to borrow against the Debtor's life insurance. She seeks the order not because there is legal authority to grant the requested relief. Rather, she seeks the order precisely because there is no authority for the proposed action and she wants the Court to enter the order to provide comfort and cover for her and the Debtor's POA to proceed in an unauthorized manner.

To be clear, there is no particular problem with the substance of what the Trustee is trying to accomplish. She has identified approximately $4800 in equity in the two MetLife insurance policies and she wants to collect that amount and distribute it to unsecured creditors. She can accomplish her goal by surrendering the policies in exchange for their cash value. The Debtor, however, wants to maintain the life insurance policies and asks that, instead of surrendering the policies, the cash value of the policies be withdrawn in the form of loans. Making the withdrawals as loans will allow the Debtor and her family to maintain the

insurance benefits payable when the Debtor dies, provided that she continues to pay her premiums and subject to the loan amounts plus interest being setoff from the insurance benefits when they are ultimately paid. Both the Trustee and the Debtor agree that taking the withdrawals as loans would create no personal liability requiring either of them to repay the loans other than from the insurance proceeds payable upon the death of the Debtor.[1]

The Debtor's position makes sense, and there is no good reason for the Trustee not to agree to make the withdrawals as loans with the Debtor's consent. What causes the problem here is the Trustee's reluctance to participate in the process. She says that the Debtor's POA should process the paperwork, receive the funds, and then turnover the funds to her. But she acknowledges that allowing the Debtor to take full control of the insurance policies may be a breach of her own duty to collect estate property and that the Debtor's borrowing against the policies might violate the automatic stay. The Trustee wants the Court to authorize the Debtor to take control of the life insurance policies and bless the Trustee's abdication of any role in the transaction. But the Trustee has not presented any reason why her requested relief is necessary and has cited no authority for the entry of her requested order.

The Trustee should proceed to liquidate the life insurance policies and, with the Debtor's consent, should do so in the manner suggested by the Debtor, which

---

[1] A detailed discussion regarding taking loans from insurance policies is beyond the scope of this Opinion and not necessary to resolve the issues before the Court. The representations made by the parties about taking loans from the policies at issue here do, however, appear to be accurate. *See generally* STEVEN PLITT, DANIEL MALDONADO, JOSHUA D. ROGERS & JORDAN R. PLITT, *Policy Loans and Dividends*, *in* COUCH ON INSURANCE ch. 80 (3d ed. 2016).

allows the insurance to remain in full force and effect. She can ask the Debtor's attorney to do the legwork to obtain the necessary forms and instructions from the insurance company, but she must retain control of the process to guarantee that the loan proceeds are ultimately received by her.

The Trustee's reluctance to be involved in the transaction has not been fully explained. She says that over the years she has frequently made similar settlements with debtors. In fact, this Court most certainly has approved compromises wherein trustees have accepted slightly reduced loan value amounts from debtors in lieu of cashing in life insurance policies. But those compromises should not have included express authority for a debtor to take control of insurance policies or other estate assets. And as the Debtor's attorney pointed out at the hearing, orders approving such compromises generally authorize the trustee in a particular case to settle but make no mention of the source of the funds to be used by the party paying the settlement amount to the trustee.[2] *See* Fed. R. Bankr. P. 9019.

The Motion to Borrow was filed because the Trustee says she recently had a bad experience in another case where she allowed a debtor to pursue litigation in state court without notice to the other parties that the debtor had filed bankruptcy and that the Trustee had an interest in the outcome of the case. That experience has caused her to rethink how she administers assets and, at least from this Court's perspective, her reconsideration of her estate administration

---

[2] No allegation has been made that the Debtor's POA has no other resources available to pay the cash value of the insurance policies to the Trustee. To the contrary, with the TransAmerica policy being exempt, the cash value from that policy could be withdrawn and used to pay the Trustee for the cash value of the smaller Met Life policy.

practices is a positive result of an otherwise unfortunate situation. But the practice that the Trustee must develop as part of her reconsideration is to always remain involved in the liquidation of property of the estate until the liquidation is finalized or the property is abandoned. She can work with debtors and involve them and their attorneys in the process of estate administration. But in order to fulfill her duties, she must maintain control of estate assets.

This Court has previously opined that Chapter 7 trustees should be the experts when it comes to collecting and selling property of an estate. *In re Trahan* 460 B.R. 207, 213 (Bankr. C.D. Ill. 2011). And "it is the Chapter 7 trustees who should be demanding that the UST, attorneys for debtors and creditors, the Clerk of Court and, indeed, this Court, follow all required procedures." *Id.* Cutting corners is never a good idea, and this Court is disinclined to enter an order that provides comfort and cover to parties who want to skirt the requirements of the Code and Rules. The Trustee's Motion to Borrow must be denied.

### IV. Conclusion

The Trustee has provided no authority for her Motion to Borrow and has presented no factual basis that suggests the relief sought from this Court is necessary for the administration of estate assets. The Trustee Motion to Borrow will be denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###